UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DONALD HAIRSTON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1618 (JDB) |
| ) | |
| **FEDERAL BUREAU OF INVESTIGATIONS,** ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S SECOND MOTION TO ENLARGE TIME
TO FILE ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

The defendant, United States Federal Bureau of Investigations ("FBI"), pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, moves for a thirty (30) day enlargement of time up to and including May 24, 2006 to respond to the complaint in this case. In support of its motion, defendant respectfully states as follows:

1. Defendant's answer is currently due April 24, 2006.

2. Plaintiff, a *pro se* prisoner, has sued the FBI, pursuant to Section 1983 of the Civil Rights Act, 42 U.S.C. § 1983, concerning the return of properly seized during his arrest.[1]

3. As noted in Defendant's first motion for enlargement of time, the FBI is currently processing Plaintiff's initial request for the return of property. Although plaintiff's money was returned to him, the return of other property was delayed because the person designated to receive his property did not show up. See attached letter dated April 21, 2006 from Stanley

---

[1] By way of the filing of this motion for extension of time, defendant does not waive its defenses, and specifically preserves all defenses including failure to exhaust administrative remedies, lack of jurisdiction, improper defendant, insufficient service of process, and failure to state a claim.

Pavlak, Jr, to Plaintiff. Accordingly, Plaintiff needs to designate another person to receive his property in order to resolve the matter and render the case moot.

4.   In any event, even if the matter were to proceed further, Defendant anticipates filing a Motion to Dismiss as Plaintiff's civil complaint is barred by the federal government's sovereign immunity because the 42 U.S.C. § 1983, by its terms, does not apply to actions against the United States. See Settles v. U.S. Parole Commission, 429 F.3d 1098, 1106 (D.C. Cir. 2005) (sovereign immunity bars Section 1983 claims against a government agency). See also Hohri v. United States, 782 F.2d 227, 245 (D.C.Cir.1986), *vacated on other grounds*, 482 U.S. 64 (1987); United States v. Timmons, 672 F.2d 1373, 1380 (11th Cir.1982) ("It is well established . . . that the United States has not waived its immunity to suit under the provisions of the [Civil Rights Act]"); Biase v. Kaplan, 852 F.Supp. 268, 289-90, n. 18 (D.N.J.1994) ("[N]either § 1985 nor any other provision of the Civil Rights Act may provide the basis for an action against the United States nor a federal agency"). Nevertheless, the Defendant is willing to resolve this matter short of further litigation by administratively processing Plaintiff's request.

5.   Because plaintiff is a prisoner, appearing here *pro se*, Local Rule 7(m) does not apply and the undersigned have not made efforts to contact him regarding this motion.[2]

6.   This is defendant's second motion for enlargement of time.

Wherefore, for all of the foregoing reasons, defendant respectfully requests a thirty (30)

---

[2]   Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a) (emphasis added).

day enlargement of time up to and including May 24, 2006 to answer or otherwise respond to the complaint in this case.

                Respectfully submitted,


                /s/ Kenneth L. Wainstein
                KENNETH L. WAINSTEIN, D.C. BAR # 451058
                United States Attorney


                /s/ Rudolph Contreras
                RUDOLPH CONTRERAS, D.C. Bar No. 434122
                Assistant United States Attorney


                /s/ Darrell C. Valdez
                DARRELL C. VALDEZ, D.C. BAR # 420232
                Assistant United States Attorney
                Judiciary Center Building
                555 4th St., N.W., Civil Division
                Washington, D.C. 20530
                (202) 307-2843


## CERTIFICATE OF SERVICE

I certify I caused copies of the foregoing Defendant's Motion to Enlarge Time to File Answer or Otherwise Respond to Complaint served by first class mail upon *pro se* plaintiff at:

Donald Hariston, Jr.
01783-000 cadre 1
Federal Medical Center
PO Box 1600
Butner, NC 27509

on this 24th day of April, 2006.


                /s/ Darrell C. Valdez
                DARRELL C. VALDEZ
                Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DONALD HAIRSTON,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**FEDERAL BUREAU OF INVESTIGATIONS,** )<br>)<br>**Defendant.** )<br>) | Civil Action No. 05-1618 (JDB) |

## ORDER

UPON CONSIDERATION of the Defendant's Motion for Enlargement of Time, support thereof, the grounds stated therefor and the entire record in this matter, it is by the Court this _____ day of April, 2006, hereby

ORDERED that the Motion be and hereby is granted; and it is

FURTHER ORDERED that the time in which defendant shall answer or otherwise respond to the complaint in this matter is enlarged to May 24, 2006.

_____
JOHN D. BATES
UNITED STATES DISTRICT JUDGE