UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DONALD HAIRSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-1618 (JDB) |
| v. ) | |
| ) | |
| FEDERAL BUREAU OF INVESTIGATIONS, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS**

Defendant, the Federal Bureau of Investigations ("Defendant" or "FBI"), respectfully moves, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss Plaintiff's complaint on the grounds that Plaintiff's complaint is barred by sovereign immunity and further is moot. In support of this Motion, the Court is respectfully referred to the Memorandum of Points and Authorities attached hereto. A proposed Order consistent with this Motion is attached hereto.

Plaintiff should take notice that any factual assertions contained in the attached Memorandum in Support of this Motion and supporting exhibits will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions therein.[1/] See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992).

---

[1/] Exhibits are attached and relied upon for the limited purpose of allowing the Court to determine whether it has subject matter jurisdiction over certain claims. It is well-established that when a defendant challenges the substance of jurisdictional allegations, it may use extraneous evidence to test those allegations without converting the motion into one for summary judgment. See Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc. v. Bestmann, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995); see also 11 Moore's Federal Practice, § 56.30[6] (Matthew Bender 3d ed.).

Furthermore, should this Court treat Defendants' Motion to Dismiss as a Motion for Summary Judgment because of the documents attached, the Federal Rules of Civil Procedure provide:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); see Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988) (*pro se* party may lose if he fails to respond to a dispositive motion).

        Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney

_____
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD HAIRSTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF INVESTIGATIONS, )<br>)<br>Defendant. )<br>) | Civil Action No. 05-1618 (JDB) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION.**

Plaintiff, a *pro se* prisoner, has sued the FBI, pursuant to Section 1983 of the Civil Rights Act, 42 U.S.C. § 1983, concerning the return of money and personal property seized during his arrest. The FBI has returned all monies to Plaintiff, and has delivered all personal property to his designee. Declaration of Stanley Pavlak, Jr. (Pavlak Decl.) at ¶¶ 6, 8 and 9.

**ARGUMENT**

**I.   STANDARD OF REVIEW.**

The standard to be applied in deciding a motion to dismiss is well-established. For purposes of deciding whether a plaintiff has failed to state a cause of action, the factual allegations of the complaint must be taken as true, and all ambiguities or doubts in the factual allegations must be resolved in favor of the pleader. Caudle v. Thomason, 942 F. Supp. 635, 638 (D. D.C. 1996). Despite this generous standard, the complaint still must set forth sufficient factual information to suggest that there exists some recognized legal theory upon which relief

can be granted.  Id.  A court must dismiss a complaint where, even assuming all the factual allegations are true, the plaintiff has failed to establish a right to relief based upon those facts.  Id.

Plaintiff bears the burden of establishing subject matter jurisdiction.  See Miller v. United States, 710 F.2d 656, 662 (10th Cir.), cert. denied, 104 S.Ct. 352 (1983); Baird v. United States, 653 F.2d 437, 440 (10th Cir. 1981), cert. denied, 454 U.S. 1144 (1982)).  Requests for dismissal for lack of jurisdiction over the subject matter pursuant to Rule 12(b)(1) require a similar standard of review as those for failure to state a claim.   A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint.  Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  See id.  Applying these standards demonstrates that Plaintiff's constitutional claim complaint should be dismissed for lack of subject matter jurisdiction.

Even if the Court had subject matter jurisdiction at the time the complaint was filed, the matter before the Court may become moot when events subsequent to the filing of a complaint eliminate "the *continuing* existence of a live and acute controversy" to be addressed by the Court. Steffel v. Thompson, 514 U.S. 452, 459 (1974) (emphasis in original).  See also Gulf Oil Corp. v. Brock, 778 F.2d 834, 838 (D.C. Cir. 1985) (mootness "rests on the principle that a federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them'").  Thus, if, during the pendency of the case, Plaintiff received the remedy requested in his complaint, the Court must dismiss the matter as moot.

**II.     PLAINTIFF'S CONSTITUTIONAL CLAIM IS BARRED BY SOVEREIGN IMMUNITY.**

The inherent sovereign immunity of the United States protects it and its agencies, such as the FBI, from suit absent express waiver.  See United States v. Nordic Village, 503 U.S. 30 (1992).  Thus, in order to impose liability against the FBI, Plaintiff must demonstrate a specific and "unequivically expressed" waiver of the government's sovereign immunity.  See id.; see also United States v. Testan, 424 U.S. 392, 399 (1976).

It has long been held that the very statute relied upon by Plaintiff, the Civil Rights Act, 42 U.S.C. §1983, which, by its terms, applies to state and local government action, does not waive the Federal government's sovereign immunity, because the Act does not apply to actions against the United States.  Settles v. U.S. Parole Commission, 429 F.3d 1098, 1106 (D.C. Cir. 2005) (sovereign immunity bars Section 1983 claims against a Federal agency); Hohri v. United States, 782 F.2d 227, 245 (D.C.Cir.1986), *vacated on other grounds*, 482 U.S. 64 (1987); United States v. Timmons, 672 F.2d 1373, 1380 (11th Cir.1982) ("It is well established ... that the United States has not waived its immunity to suit under the provisions of the [Civil Rights Act]"); Biase v. Kaplan, 852 F.Supp. 268, 289-90, n. 18 (D.N.J.1994) ("[N]either § 1985 nor any other provision of the Civil Rights Act may provide the basis for an action against the United States nor a federal agency").

Here, Plaintiff seeks recourse against the FBI pursuant to Section 1983 of the Civil Rights Act, and accordingly, fails to set forth any legal basis for the waiver of sovereign immunity for his claim.

### III.   PLAINTIFF'S CLAIM PURSUANT TO CRIMINAL RULE 41 IS MOOT.

To the extent that Plaintiff is deemed as invoking this Court's equitable authority pursuant to Fed. R. Crim. P. 41(g), the claim is moot.  Rule 41(g) of the Federal Rules of Criminal Procedure provide that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  Fed. R. Crim. P. 41(g).[1]  While admitting that the property at issue was seized pursuant to his arrest on a lawful warrant out of North Carolina, Plaintiff alleges that the property was not inventoried, nor was a warrant issued for the property.  Thus, according to Plaintiff, it was illegally seized.  Plaintiff's argument, however, ignores the clearly established principles that property within an arrestee's possession may be seized pursuant to the arrest.  Chimel v. California, 395 U.S. 752, 762-763 (1969) ("it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction").  See United States v. Christian, 187 F.3d 663, 666 (D.C. Cir. 1999) (same).

Nevertheless, it is unimportant as to how Plaintiff's property was seized, as the Defendant agreed to return the property to him, and has done so.  Prior to the filing of the complaint, Plaintiff forwarded a "Motion for Return of Property" to the FBI, who treated the Motion as a formal request for return of property and granted Plaintiff's request.  Pavlak Decl. at ¶ 4.  Notably, Plaintiff's money was returned to him on March 13, 2006, and all remaining property was delivered to his designee on May 22, 2006.  Thus, Plaintiff has received the relief sought in his Complaint and there is no longer any action for this Court to take.  Accordingly, his claim is moot.

---

[1]   In his Complaint, Plaintiff cites to the prior Fed. R. Crim. P. 41(e), which was changed to 41(g).

## CONCLUSION

Wherefore, for all of the foregoing reasons, Defendant respectfully requests that the Court dismiss the Complaint.

Respectfully submitted,

 /s/ Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


 /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


 /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C. 20530
(202) 307-2843

## CERTIFICATE OF SERVICE

I certify I caused copies of the foregoing Defendant's Motion to Dismiss to be served by first class mail upon *pro se* Plaintiff at:

Donald Hairston
01783-000 cadre 1
Federal Medical Center
PO Box 1600
Butner, NC 27509

on this 24th day of May, 2006.

 /s/ Darrell C. Valdez
DARRELL C. VALDEZ
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DONALD HAIRSTON,** )<br>)<br>Plaintiff, )<br>) **Civil Action No. 05-1618  (JDB)**<br>v. )<br>)<br>**FEDERAL BUREAU OF INVESTIGATIONS,** )<br>)<br>Defendant. )<br>) | |

## ORDER

UPON CONSIDERATION of the Defendant's Motion to Dismiss, the Memorandum of Points and Authorities in support thereof, any Opposition thereto, the grounds stated therefor and the entire record in this matter; and the Court having found that Plaintiff's claim pursuant to the Civil Rights Act, 42 U.S.C. §1983 is barred by sovereign immunity, and further that Plaintiff's property has been returned to him and accordingly his claim pursuant to Fed. R. Civ. P. 41(g) is moot; it is by the Court this _____ day of May, 2006, hereby

ORDERED that the Motion be and hereby is granted; and it is

FURTHER ORDERED that the Complaint is dismissed with prejudice.

_____
JOHN D. BATES
UNITED STATES DISTRICT JUDGE